**WO**                                                                                      KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Gregory Casteel, | No. CV 12-182-PHX-GMS (BSB) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Everett Gregory Casteel, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. On April 25, 2012, the Court granted the Application to Proceed and dismissed the Petition with leave to amend. On May 21, 2012, Petitioner filed an Amended Petition, which, on June 28, 2012, the Court also dismissed with leave to amend. On July 30, 2012, Petitioner filed a Second Amended Petition (Doc. 13). The Court will require an answer to the Second Amended Petition.

**I.     Second Amended Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2007-116559001DT, of two counts of Possession of Narcotic Drugs for Sale and one count of Dangerous Drugs for Sale and was sentenced to a 15.75-year term of imprisonment. In his Second Amended Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

TERMPSREF

Petitioner raises four grounds for relief:

(1)     Petitioner is held in custody in violation of the laws of the United States and was not provided state-appointed counsel;

(2)     "The Man Everett Gregory Casteel, is held without cause warrant claim, charges being filed, no indictment, no information, the body of the California State Sovereign Everett Gregory: Casteel a private man of the California Republic-a foreign state, is being held under a public fictional name that is not his title and or not UCC filed by the State to secure a claim against a citizen of a foreign state. No claim is found in a state court why this man, [should] not [be] released immediately";

(3)     Petitioner's Fourth Amendment rights were violated when evidence at his trial was not suppressed as fruit of the poisonous tree and he was convicted by the use of perjured testimony; and

(4)     The trial court lacked jurisdiction to try Petitioner and Petitioner's trial counsel "told [Petitioner] to reject all plea offers and then did no pre-trial . . .he said 'I will not do anything to help you, get ready for prison because that's where you['re] going.'"

While Grounds One, Three, and Four can arguably be construed to challenge Petitioner's state court conviction, Ground Two is almost entirely incomprehensible and does not make a cognizable challenge to Petitioner's conviction or sentence.  The Court will therefore dismiss Count Two.

It is unclear whether Petitioner has exhausted each of the remaining claims in state court.  Even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred).  Accordingly, the Court will require Respondents to answer Grounds One, Three, and Four of the Second Amended Petition.  28 U.S.C. § 2254(a).

**II.    Warnings**

     **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

     **B.    Copies**

Because Petitioner is currently confined in ASPC-Eyman and this case is subject to General Order 12-25, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Petitioner is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 12-25.

     **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Ground Two of the Second Amended Petition is **dismissed** without prejudice.

(2)    The Clerk of Court must serve a copy of the Second Amended Petition (Doc. 13) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)    Respondents must answer Grounds One, Three, and Four of the Second Amended Petition within 40 days of the date of service.  Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or

non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  Day v. McDonough, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)     Petitioner may file a reply within 30 days from the date of service of the answer.

(5)     This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 17th day of September, 2012.

G. Murray Snow
United States District Judge