IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Gregory Casteel, | No. CV-12-182-PHX-GMS (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et. al, | |
| Respondents. | |

Petitioner Everett Gregory Casteel has filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 13.)  Respondents have filed a Limited Answer arguing that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations for state prisoners seeking federal habeas corpus relief. (Doc. 24.)  Alternatively, Respondents argue that Petitioner's claims are procedurally barred. (*Id.*)  In reply, Petitioner opposes Respondents' assertions and argues that he is entitled to relief on the merits of his claims. (Docs. 32 and 33.)[1] The Court finds that an evidentiary hearing is not warranted. *See* 28 U.S.C. § 2254(e)(1)(A) and

---

[1] On February 26, 2013, Petitioner filed a "Reply [] Limited to the Answer Limited for Writ of Habeas Corpus Notice of Appearance of a State Bar Contract Counsel." (Doc. 32.) Although Petitioner refers to "State Bar Contract Counsel," he is proceeding *pro se* and no attorney has entered an appearance of his behalf. On February 26, 2013, Petitioner also filed a "Supplemental Reply by This Affidavit." (Doc. 33.) Although the Court did not grant Petitioner leave to file a supplemental reply, the Court will consider both pleadings.

(B) (governing when the court should hold an evidentiary hearing).  For the reasons set forth below, the Second Amended Petition should be dismissed as untimely under the AEDPA.[3]

## I.      Factual and Procedural Background

### A.      Indictment, Trial, and Sentencing

On March 22, 2007, Petitioner was indicted in the Arizona Superior Court, Maricopa County, Case No. CR2007-116559, on two counts of possession of narcotic drugs for sale (Counts One and Two), and on one count of possession of dangerous drugs for sale (Count Three), all of which are class two felonies.  (Respondents' Ex. A.)[4]  The State subsequently alleged several aggravating circumstances, including several historical prior felony convictions and that the offenses were committed while Petitioner was on release from confinement. (Respondents' Exs. D, E, F.)  Before trial, Petitioner filed and later withdrew several requests to represent himself.  (Respondents' Exs. C, G, H.)  Petitioner ultimately proceeded with appointed counsel, Douglas Loefgren. (Respondents' Ex. H.)  Following a hearing, Petitioner waived his right to a jury trial and his case was tried to the court.  (Respondents' Ex. I at 4-16,

---

[3]  In March, April, and May 2013, Petitioner filed the following additional documents: "Proposed Order/Affidavit" (Doc. 35), "Nunc Pro Tunc/Affidavit Reply" (Doc. 36), "Affidavit" (Doc. 37), "Notice of Appearance" (Doc. 38), "Affidavit" (Doc. 40), and "Notice of Denial of Access to the Court." (Doc. 41.)  The Court will not consider these documents because they were filed after the briefing on this § 2254 Petition had closed and because Petitioner's access to this Court has not been impeded.  Petitioner has also filed several "Notices." (Docs. 27, 28, 29, and 30.)  The Court will not consider these notices, which are almost entirely incomprehensible and do not request specific relief.  On June 5, 2013, Petitioner filed a Motion to Obtain Release/Bail Bond.  (Doc. 44.)  Petitioner seeks release on bond "upon issuance of writ of habeas corpus."  Because the Petition for Writ of Habeas Corpus should be denied, the request for release on bond is moot.  Finally, on June 19, 2013, Petitioner filed a "Motion for Emergency Injunction Request for Jury Trial and/or Hearing." (Doc. 48.)  Petitioner asserts that the "library staff" has refused to e-file his documents and has read his legal briefs.  Petitioner has filed numerous materials with the Court.  He does not describe any filings he has been unable to make due to the "library staff's" alleged conduct.  Accordingly, this motion should be denied.

[4]  Citations to "Respondents' Ex." are to exhibits to Respondents' Limited Answer to Petition for Writ of Habeas Corpus.  (Doc. 24.)

Ex. J and K.)

On August 17, 2007, the trial court found Petitioner guilty on all three counts. (Respondents' Ex. L.) The court subsequently found that Petitioner was on probation when he committed the offenses, had two prior historical felony convictions, and had violated the terms of his probation by failing to register as a sex offender. (Respondents' Exs. M, Ex. N at 24-28, Ex. O.) The court sentenced Petitioner to concurrent terms of 15.75 years' imprisonment on each count, to run consecutively to 2.5 years' imprisonment imposed for the probation violation. (Respondents' Ex. M.)

Petitioner's convictions were based on the following evidence presented at the bench trial. On March 12, 2007, Arizona Department of Public Safety (DPS) Officer Steve Svestka was conducting surveillance of a west Phoenix house to determine if Petitioner was inside. Petitioner was wanted on an unrelated matter. (Respondents' Ex. K. at 9-10.) After watching traffic entering and exiting the house, the officer suspected that drugs were being sold from the house. (*Id*. at 12-13.) After confirming that Petitioner was inside, Svestka called a DPS SWAT team. (*Id.* at 14-15.) The SWAT team approached the front door and announced that it had an arrest warrant for Petitioner. Several people, including Petitioner, came out of the house. (*Id*. at 15-16; Respondents' Ex. S.)

Officers searched the house and found twelve bags of drugs; two of these bags contained crystal methamphetamine, three bags contained powered cocaine, and the other bags contained cocaine base or crack cocaine. (*Id.* at 17-23, 26-27.) Officer Svestka testified that based on the packaging, the quantities, and the varieties of drugs found in the house, and based on his training and experience, he concluded that the drugs were possessed for sale. (*Id*. at 28-46) Petitioner waived his *Miranda* rights and admitted that he had been selling drugs, but claimed that he mainly served as an enforcer to protect the drugs from theft. He told Officer Svestka that "they were selling about five to $10,000 worth of drugs out of the house every couple of days, that there was a large amount of crack that had been delivered a couple days earlier and that they were doing a lot of business out of there." (*Id*. at 46-50)

**B.      Direct Appeal**

Petitioner, through counsel, filed a timely direct appeal raising the following claims: (1) the trial court erred in failing to grant Petitioner's motion to dismiss based on insufficiency of evidence to establish that he had possessed the drugs at issue, (2) Petitioner's conviction should be reversed because Detective Svestka was not qualified to testify as an expert regarding whether Petitioner possessed the drugs for sale, and (3) the trial court erred by failing to hold a hearing to determine whether Petitioner had voluntarily waived his right to testify. (Respondents' Exs. P, Q, R.)

On October 23, 2008, the Arizona Court of Appeals rejected Petitioner's claims and denied relief. (Respondents' Ex. S.) Petitioner filed a *pro se* motion for reconsideration, which the court denied on November 12, 2008. (Respondents' Exs. U and V.) Petitioner did not seek review in the Arizona Supreme Court.

**C.      Post-Conviction Proceedings**

After his direct appeal, Petitioner pursued post-conviction relief (PCR) pursuant to Arizona Rule of Criminal Procedure 32.

**1.      Petitioner's First Post-Conviction Relief Proceedings**

**a.      December 2008 Notice of Post-Conviction Relief**

On December 9, 2008, Petitioner filed a *pro se* notice of post-conviction relief. Petitioner did not request the appointment of counsel. (Respondents' Ex. V.) The trial court directed Petitioner to file a petition within sixty days. (Respondents' Ex. W.) On January 22, 2009, Petitioner filed a "Notice for Post-Conviction Relief (Supplemental Request for Record)" to which he attached several documents. (Respondents' Ex. X.)

On February 5, 2009, the trial court denied Petitioner's "motion entitled Notice for Post-Conviction Relief." (Respondents' Ex. Y.) The court stated that, "to the extent that [the Notice of Post-Conviction Relief] is defendant's Petition for Post-Conviction Relief, it is denied without prejudice to refiling at a later date on the appropriate form." (*Id.*) The court further

1   stated that if Petitioner had intended "to initiate a civil action, he must file separate pleadings

2   with the Clerk of the Court."  (*Id.*)

3        On February 23, 2009, Petitioner filed a petition for review challenging the trial court's

4   February 5, 2009 order denying his petition for failure to use the proper form.  (Respondents'

5   Ex. Z.)   The Arizona Court of Appeals summarily denied review on March 11, 2010.

6   (Respondents' Ex. AA.)

### b.    April 2009 Notice of Post-Conviction Relief

8        On April 21, 2009, while his appeal of the February 5, 2009 order was pending,

9   Petitioner filed a second notice of post-conviction relief. (Respondents' Ex. BB.) On April 30,

10  2009, he filed a "motion for nunc pro tunc order" arguing, without any supporting facts, that the

11  prosecutor had violated his right to due process.  (Respondents' Ex. CC.)

12       On June 2, 2009, the trial court denied Petitioner's "motion entitled Motion for Nunc Pro

13  Tunc Order" stating that "[t]o the extent that defendant is attempting to file his [Petition] for

14  Post-Conviction relief, it is denied without prejudice" to refiling in the appropriate form in

15  accordance with Arizona Rule of Criminal Procedure 32.5.  (Respondents' Ex. DD.)[5]

### c.    October 2009 Petition for Post-Conviction Relief

17       On October 29, 2009, Petitioner filed a "Petition for Post-conviction Relief" on the

18  appropriate form asserting sixteen grounds for relief arguing, in part, that there was newly

19

20

21

_____

22       [5]  On July 29, 2009, Petitioner filed a "nunc pro tunc order," and a "motion to remand to
23  court of origin." (Respondents' Ex. FF.) On August 19, 2009, Petitioner filed two different *pro
    se* notices of post-conviction relief in which he indicated that he thought the court had not
24  disposed of his previously filed Rule 32 petition. (Respondents' Exs. GG, HH.) On August 20,
25  2009, Petitioner filed documents entitled "motion to set aside judgment as void for lack of
    jurisdiction," "motion to suppress unlawfully obtained evidence en banc," "return of the
26  indictment," and "motion to remand to court of origin Arcadia Biltmore Justice Court."
    (Respondents' Exs. II, JJ, KK.)  The trial court did not acknowledge or rule on these motions,
27  which were filed after its June 2, 2009 Order.

28

1    discovered evidence in support of his claims.[6]  (Respondents' Ex. LL.)  Petitioner subsequently

2    filed several additional pleadings.  (Respondents' Exs. NN, OO.)  After the State filed a

3    response requesting that the court dismiss Petitioner's claims as frivolous (Respondents' Exs.

4    PP, QQ),  Petitioner filed several more motions.  (Respondents' Exs. RR, SS, TT, UU, VV,

5    WW, XX, and YY.)

6         On review of the petition, the trial court noted that Petitioner had filed his notice of post-

7    conviction relief on December 9, 2008 and that the court had directed him to file a petition by

8    February 16, 2009.  Thus, the October 29, 2009 petition was untimely because Petitioner filed

9    it well beyond that deadline.  The court further stated that:

> The Defendant has checked off several items under number 3 on the Petition for
> Post-Conviction Relief form.  One of the items is "the existence of newly-
> discovered material which require the court to vacate the conviction or sentence."
> Defendant states that the Detective intentionally lied as to when the narcotics
> were found.  However, the information relied upon for this assertion is contained
> in a police report and in the trial testimony of the officer.  This is not "newly
> discovered material."

> All of the claims raised by Defendant in this proceeding are precluded by Rule
> 32[.2] (a)(1) and (2) of the Arizona Rules of Criminal Procedure as they are
> claims "raisable on direct appeal under Rule 31 or on post-trial motion under Rule
> 24," and/or were "finally adjudicated on the merits on appeal," or are merely
> conclusory statements without factual support.

17    (Respondents' Ex. WW.)[7]  Accordingly, on January 15, 2010, the court dismissed Petitioner's

18    "Rule 32 Petition for Post-Conviction Relief."  (*Id.*)  Petitioner did not file a petition for review

19    with the Arizona Court of Appeals.

---

[6]  Although the trial court dismissed Petitioner's first petition for post-conviction relief
without prejudice and Petitioner appealed that decision to the Arizona Court of Appeals, the
record reflects that the trial court treated Petitioner's filings between April 21, 2009 and October
29, 2009 as a continuation of Petitioner's first Post-Conviction proceeding, which he had
commenced by filing a notice on December 9, 2008.  (*See* Respondents' Exs. WW, HHH.)

[7]  The January 15, 2010 minute entry appears at Respondents' Exhibit WW after
Petitioner's "Motion to be Present at Review."  (Respondents' Ex. WW.)

### 2.      Petitioner's Second Post-Conviction Relief Proceedings

On February 2 and 3, 2010, Petitioner filed two "petition[s] for writ of habeas corpus ad pro se petitioner," requesting an order transferring him from the custody of the Arizona State Prison to the custody of the Maricopa County Sheriff's Department.  (Respondents' Exs. ZZ, AAA.)  On February 24, 2010, the trial court construed these filings as a single notice of post-conviction relief and then dismissed this notice as untimely and successive pursuant to Rules 32.1(d), (e), (f), (g), or (h), and Rule 32.4(a).[8]  The court explained that "Defendant presents no facts or argument why he did not file this notice in a timely manner, why the claims were not raised in the previous proceeding or how his claims fall within the cited subsections." (Respondents' Ex. BBB.)  Petitioner did not file a petition for review.[9]

### 3.      Petitioner's Third Post-Conviction Relief Proceedings

On April 4, 2012, Petitioner filed another "Petition for Post-Conviction Relief." (Respondents' Ex. FFF.)  He subsequently filed two affidavits claiming that County Attorney Andrew Thomas had filed false charges against him that were based on fraud and perjury. (Respondents' Exs. GGG, III.)

On April 23, 2012, the trial court denied Petitioner's petition for post-conviction relief and dismissed the Rule 32 proceeding.  (Respondents' Ex. HHH.)  The court found that Petitioner had previously pursued post-conviction relief, that many of Petitioner's claims were not properly presented in a successive Rule 32 petition, and that these claims were precluded pursuant to Rule 32.2(a) because they should have been raised on direct appeal or in a prior Rule 32 proceeding.  (*Id.* (noting that previous Rule 32 proceedings had been dismissed on January 15, 2010 and February 24, 2010)).  The court rejected Petitioner's assertion that there

---

[8]  The court noted that Petitioner's previous Rule 32 petition had been dismissed on January 25, 2010, but did not mention Petitioner's appeal of the trial court's February 5, 2009 order denying his "petition" without prejudice to refiling it on the proper form.

[9]  After the February 24, 2010, Order, Petitioner filed an untitled pleading, a "certified promissory note," and a "court bond no. A549394716."  (Respondents' Exs. CCC, DDD, EEE.)

1   were newly discovered facts that would probably change the outcome of his convictions and

2   sentences and found that he failed to state a claim for which relief could be granted in an

3   untimely Rule 32 proceeding.  (*Id*. (citing Rule 32.4(a)).

4        On May 11, 2012, Petitioner filed a motion for rehearing accompanied by a "bond

5   promis[e] to pay at $3,000,90000.00 (sic)."  (Respondents' Exs. JJJ and KKK.)  The court

6   denied the motion on May 30, 2012.[10]  (Respondents' Ex. LLL. )

7        **D.     Petition for Writ of Habeas Corpus**

8        On January 26, 2012, Petitioner commenced a federal habeas corpus proceeding in this

9   Court.  (Doc. 1.)  The Court dismissed the petition, but twice granted Petitioner leave to file an

10  amended petition.  (Docs. 7, 10.)  On July 30, 2012, Petitioner filed a Second Amended Petition

11  asserting the following claims: (1) Petitioner is in custody in violation of the laws of Arizona

12  and the United States and he was not provided state-appointed counsel (Ground One);

13  (2) Petitioner's Fourth Amendment rights were violated because the trial court did not suppress

14  evidence as fruit of the poisonous tree and he was convicted by the use of perjured testimony

15  (Ground Three); and (3) the trial court lacked jurisdiction and Petitioner's trial counsel was

16  ineffective because he "told [him] to reject all plea offers and then did no pre-trial . . . he said

17  'I will not do anything to help you, get ready for prison because that's where you['re] going'"

18  (Ground Four).[11]  (Doc. 13.)  As discussed below, these claims are barred by the AEDPA statute

19  of limitations.

20

21

22  _____

23      [10]  Respondents mistakenly state that the court denied the motion for rehearing on June

24  7, 2012 and cite to exhibit FFF.  (Doc. 24 at 13.)  The order denying the motion for
    reconsideration is located at exhibit LLL, not exhibit FFF.

25      [11]  On September 17, 2012, the Court dismissed Ground Two as "entirely

26  incomprehensible" and because it did not "make a cognizable challenge to Petitioner's
    conviction or sentence."  (Doc. 16 at 2.)  Accordingly, only Grounds One, Three, and Four are

27  before the Court.

28

1

**II.     Statute of Limitations**

2

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides a one-year

3

statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal

4

court. 28 U.S.C. § 2244(d)(1).  That period generally commences on "the date on which the

5

judgment became final by the conclusion of direct review or the expiration of the time for

6

seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The statute of limitations is tolled during the

7

time that a "properly filed application for State post-conviction or other collateral review with

8

respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

9

**A.     Commencement of Limitations Period and Statutory Tolling**

10

Here, Petitioner's convictions became final on direct review on December 12, 2008.[12]

11

*See* 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1072-74 (9th Cir. 2007)

12

(direct appeal is final upon expiration of time for seeking further appellate review); *Bowen v.*

13

*Roe*, 188 F.3d 1157, 1158 (9th Cir. 1999) (same).  The limitations period, however, was

14

immediately tolled because Petitioner filed a notice of post-conviction relief on December 9,

15

2008.  *See* 28 U.S.C. § 2244(d)(2) (the AEDPA's statute of limitations is tolled during the time

16

that a "properly filed application for State post-conviction or other collateral review with respect

17

to the pertinent judgment or claim is pending").

18

The trial court considered Petitioner's post-conviction relief filings, starting with his

19

December 9, 2008 notice through his October 29, 2009 petition (which was on the state court's

20

approved form, but untimely), as his first post-conviction relief proceeding.  (Respondents'

21

22

23

[12]  The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on

24

direct review on October 23, 2008 and denied his motion for reconsideration on November 12,
2008.  Petitioner had thirty days, or until December 12, 2008, to file a petition for review in the

25

Arizona Supreme Court.  *See* Ariz. R. Crim. P. 31.19(a).  Petitioner did not do so; therefore, his

26

convictions became final on December 12, 2008.  *See Gonzalez v. Thaler*, ___ U.S. ___, 132
S.Ct. 641, 656 (2012) (for a state prisoner who does not seek review in the State's highest court,

27

the judgment becomes "final" on the date the time for seeking such review expires).

28

Ex. WW, HHH.)  The trial court denied review of the October 29, 2009 petition on January 15, 2010, and Petitioner did not seek review in the Arizona Court of Appeals.

However, because Petitioner's appeal of the trial court's denial of his first petition for post-conviction relief (which was timely, but not on the proper form) was pending until March 11, 2010, the statute of limitations was tolled until March 11, 2010, and commenced the following day.  *See Hemmerle*, 495 F.3d 1074 (a post-conviction action is "pending" when the notice is filed in conformity with Rule 32.4(a), and statutory tolling begins on that date and continues "until the application has achieved final resolution through the State's post-conviction procedures").  Therefore, the limitations period remained tolled until March 11, 2010 when the Arizona Court of Appeals denied review of the dismissal of Petitioner's first post-conviction relief proceedings. (Respondents' Ex. AA.)  Accordingly, the statute of limitations commenced on March 11, 2010 and expired one year later on March 11, 2011.[13]

---

[13] Respondents do not discuss whether Petitioner's various state court filings from April 21, 2009 through August 2009 and from November 12, 2009 through January 19, 2010 would have tolled the limitations period.  (Doc. 24 at 7-10, 16-17 and n.5.)  To the extent that any of Petitioner's filings during those periods would have tolled the limitations period, any Rule 32 proceeding to which those filings were related concluded before March 11, 2010, and thus those filings did not extend the tolling of the limitations period beyond March 11, 2010.

Additionally, the trial court considered Petitioner's February 2 and 3, 2010 "petitions for writ of habeas corpus" as a single notice of post-conviction relief and, on February 24, 2010, dismissed the notice as untimely and successive.  This untimely notice of post-conviction relief did not toll the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (post-conviction proceedings that are untimely under state law are not "properly filed" and do not toll the AEDPA limitations period).

On March 24, 2010, Petitioner filed an untitled pleading in the trial court, and on April 4, 2010, he filed a certified promissory note. (Respondents' Exs. CCC, DDD.)  These filings are not "application[s] for state post-conviction relief or other collateral review" for purposes of the AEDPA and did not toll the statute of limitations.  28 U.S.C. § 2244(d)(2).

**B.      Other Possible Grounds for Statutory Tolling**

Petitioner also filed additional post-conviction relief proceedings, a "writ of certiorari" in the Arizona Supreme Court, and prior federal habeas corpus proceedings.  As set forth below, none of these proceedings provide grounds for statutory tolling of the statute of limitations.

**1.      April 2012 Notice of Post-Conviction Review**

On April 4, 2012, after the limitations period had already expired on March 11, 2011, Petitioner filed another notice of post-conviction relief.  (Respondents' Ex. FFF.)  Because the AEDPA statute of limitations had already expired, this post-conviction notice did not toll the limitations period.  Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations.  *See Brinkley v. Tilton,* 372 Fed. Appx. 732, 733 (9th Cir. 2010) (finding "no basis to apply statutory tolling because the one-year limitations period had already expired by the time [petitioner] filed his first state petition"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same).[14]

**2.      "Writ of Certiorari" filed with the Arizona Superior Court**

While his direct appeal was pending, on December 28, 2007, Petitioner filed a *pro se* "writ of certiorari" pursuant to "Rule 4 and/or Rule 8(b)" in his underlying criminal case alleging various errors during his trial.  (Respondents' Ex. UUU.)  The trial court did not

_____

[14] Petitioner filed several other pleadings in state court after the statute of limitations had already expired on March 11, 2011.  None of these filings tolled the already-expired statute of limitations.  (*See* Respondents' Ex. EEE, "Court Bond No. A549394716" filed November 2, 2011; Respondents' Ex. MMM, "Writ of Certiorari/Mandamus by Special Action for 13 People of U.S.A" filed August 30, 2012; and Respondents' Ex. OOO, "Petition for Review by Letter of Rogatory to John Pelander (attached to record) Notice by Affidavit," filed November 16, 2012.)

Moreover, even if the limitations period had not yet expired, none of these filings could have tolled it because they are not "application[s] for state post-conviction relief or other collateral review" for purposes of the AEDPA.  28 U.S.C. § 2244(d)(2).

1   acknowledge this *pro se* filing.  Because Petitioner's "writ of certiorari" was filed before the
2   statute of limitations commenced, it could not have tolled the AEDPA limitations period.
3   Moreover, even if the writ of certiorari were pending during the limitations period, it would not
4   have resulted in tolling under 28 U.S.C. § 2244(d)(2).

5       In Arizona, a special action takes the place of "writs of certiorari, mandamus, or
6   prohibition in the trial or appellate court." *See* Rule 1(a) and (b), Rules of Procedure for Special
7   Actions (writs of certiorari, mandamus or prohibition originating under Ariz. Rev. Stat. § 12-
8   2001, 12-2021 or the common law are special actions).  Petitioner labeled his filing a "writ of
9   certiorari" and cited "Rule 4" and "Rule 8(b)."[15]  (Respondents' Ex. UUU.)  Considering the
10  context in which Petitioner cited these rules, it appears he was citing the Rules of Procedure for
11  Special Actions, Rules 4 and 8(b), and thus filing a special action.

12      Special actions, do not toll the AEDPA limitations period because they are not
13  "application[s] for State post-conviction or other collateral review with respect to the pertinent
14  judgment or claims" within the meaning of § 2244(d)(2).  *See Dema v. Arizona*, 2008 WL
15  2941167, at *11 (D. Ariz. Jul. 25, 2008) (special action did not toll the AEDPA limitations
16  period)).

17              **3.      Prior Federal Habeas Corpus Proceedings**

18      Petitioner previously filed three § 2254 petitions that this Court dismissed without
19  prejudice.  *See Casteel v. Maricopa County Sheriff's Office*, 2:07cv1564-EHC (MEA)
20  (dismissing petition as premature because of ongoing criminal proceedings); *Casteel v. Dora
21  B. Schriro*, 2:08cv232-GMS (MEA) (dismissing petition for failure to raise claims challenging
22  the legality or duration of Petitioner's confinement); *Casteel v. Charles L. Ryan*, 2:11cv2412-
23  GMS (MEA) (dismissing petition for failure to pay filing fee or to complete application to
24  proceed *in forma pauperis*).  Petitioner's first three federal petitions for writ of habeas corpus

25  ─────────────────────

26      [15]  Rule 4 of the Rules of Procedure for Special Actions governs the procedure for
27  commencing a special action.  Rule 8(a) governs the procedure for appealing the decision of a
    superior court in a special action.

28                                      - 12 -

1   did not toll the AEDPA limitations period because they were not applications for "state post-

2   conviction relief or other collateral review." *See Duncan v. Walker*, 533 U.S. 167, 172, 180-81

3   (2001); *Lawrence v. Florida*, 549 U.S. 327, 332 n.2 (2007).

4          Therefore, the AEDPA statute of limitations commenced on March 11, 2010 and expired

5   on March 11, 2011.  Petitioner did not file his initial § 2254 petition in this matter  until January

6   26, 2012 and he filed a Second Amended Petition on July 30, 2012.  Assuming that January 26,

7   2012 is the operative filing date, the pending habeas corpus petition is untimely and not subject

8   to review unless Petitioner establishes a basis for equitable tolling.

9          **C.     Equitable Tolling**

10         The limitations period of § 2244(d) may be equitably tolled because it is a statute of

11   limitations, not a jurisdictional bar.  *Holland v. Florida*, ___ U.S.___, 130 S. Ct. 2549, 2560

12   (2010).  A petitioner is entitled to equitable tolling only if he establishes: "(1) that he has been

13   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

14   *Pace*, 544 U.S. at 418.  "The diligence required for equitable tolling purposes is  reasonable

15   diligence, not maximum feasible diligence."  *Holland*, 130 S. Ct. at 2565 (internal citations and

16   quotations omitted).

17         Here, although Petitioner asserts that he had some difficulty presenting his claims to the

18   state courts, he does not specifically address the untimeliness of his § 2254 Petition other than

19   to refer to his numerous state-court filings and assert that "all time statute[s] are still current no

20   response to October 17, 2007 appeal, writ of certiorari, notice of post-conviction relief

21   12/09/2008."  (Docs. 13 at 11, 32 at 5, 15, and Doc. 33 at 19, 27.)  Contrary to Petitioner's

22   assertion, the Arizona Court of Appeals ruled on his direct appeal on October 23, 2008

23   (Respondents' Ex. S.)  Additionally, the Petition states that the direct appeal was "dismissed,"

24   and thus he did receive a response to his direct appeal.  (Doc. 13 at 2.)  Petitioner further states

25   that he did not receive a response to his petition for writ of certiorari.  (Doc. 13 at 11.)

26   Following his direct appeal, Petitioner did not seek review in the Arizona Supreme Court.

27   (Doc. 13 at 3.)  However, Petitioner asserts that he filed a petition for writ of certiorari in the

28                                                    - 13 -

United States Supreme Court on September 25, 2007, but that he did not receive a response. (Doc. 13 at 3.)  Even assuming that the United States Supreme Court never responded to Petitioner's petition for writ of certiorari, Petitioner does not explain why the lack of a response prevented him from filing a timely federal petition for writ of habeas corpus, especially considering his numerous other filings challenging his convictions and sentences.

Petitioner also asserts that he did not receive a final response to his December 9, 2008 notice of post-conviction relief. (Doc. 13 at 11.)  Contrary to Petitioner's assertion, the record reflects that the trial court ultimately dismissed the notice of post-conviction relief and related petition on January 15, 2010. (Respondents' Ex. WW.)  Additionally, the Petition states that the December 9, 2008 notice was "dismissed without consideration." (Doc. 13 at 5.)  Thus, Petitioner received a final response to his December 9, 2008 notice of post-conviction relief.

Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance that would justify equitable tolling. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that "equitable tolling only [applies] where 'external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'") (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).  Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Petitioner filed numerous pleadings in state court and has not explained his failure to file a timely petition for writ of habeas corpus in this Court.

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his § 2254 Petition should be denied as untimely and the Court need not consider Respondents' alternative argument that Petitioner's claims are procedurally barred.

### III.     Conclusion

Based on the foregoing, the Second Amended Petition for Writ of Habeas Corpus (Doc. 13) should be denied and dismissed as untimely.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 13) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Emergency Injunction Request for Jury Trial and/or Hearing (Doc. 48) and Motion to Obtain Release/Bail Bond (Doc. 44) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

1   Failure to file timely objections to any factual determinations of the Magistrate Judge

2   may be considered a waiver of a party's right to appellate review of the findings of fact in an

3   order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ.

4   P. 72.

5   DATED this 26th day of June, 2013.

6

7

8   Bridget S. Bade
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28